IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YUSSET MOLERIO-GARCIA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UR M. JADDOU, Director, U.S. Citizenship and Immigration Services; and JODY LUNTSFORD, Director of the Charleston Field Office, U.S. Citizenship and Immigration Services,<br><br>　　　　Defendants. | Civil Action No.<br>1:22-cv-04232-VMC |

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss ("Motion," Doc. 7) filed by Defendants Ur Mendoza Jaddou, Director of U.S. Citizenship and Immigration Services ("USCIS") and Jody Luntsford,[1] Director of Charleston, S.C. Field Office, U.S. Citizenship and Immigration Services, which this Order collectively refers to as the "United States." Plaintiff Yusset Molerio-Garcia filed a Response in Opposition to the Motion ("Response, Doc. 8). The United States filed a Reply in Support of the Motion ("Reply, Doc. 14). After briefing was closed, the Court

---

[1] Charleston Field Office Director Jody Luntsford is automatically substituted for former Charleston Field Office Director Caitlin Wegrzyn pursuant to Federal Rule of Civil Procedure 25(d).

directed the Parties to further brief an issue. The United States filed a supplemental brief (Doc. 15); Mr. Molerio-Garcia failed to do so.

For the reasons that follow, the Court will grant the United States' Motion.

## Background

Because this case is before the Court on a Motion to Dismiss, the following facts are drawn from Plaintiff's Complaint and are accepted as true. *Cooper v. Pate*, 378 U.S. 546, 546 (1964).

Plaintiff Yusset Molerio-Garcia is a 38-year-old native and citizen of Cuba. (Compl., Doc. 1 ¶ 2). He was granted parole into the United States as a family member of a Cuban Immigrant Visa beneficiary on or about May 29, 2012. (*Id.*).

On September 4, 2014, Mr. Molerio-Garcia was charged by Information with Manufacture of Cannabis, Trafficking in Cannabis (Excess of 25 Pounds), and Maintaining a Dwelling for the Manufacture of Cannabis in Volusia County, Florida. (*Id.* ¶ 9). On March 16, 2015, he pleaded nolo contendere to violation of Florida Stat. 893.13(6)(a), for Possession of Cannabis Over 20 Grams. (*Id.* ¶¶ 11–12).

On September 2, 2016, Mr. Molerio-Garcia applied for Lawful Permanent Resident status under the Cuban Adjustment Act ("CAA"), Public Law 89-732 (November 2, 1966) by filing a Form I-485, Application to Register Permanent

Residence or Adjust Status. He completed his interview on the application on December 18, 2017. (*Id.* ¶ 13).

After some back and forth, USCIS denied Mr. Molerio-Garcia's application. ("Denial," Doc. 1-1) on May 8, 2019. It cited Section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act of 1952 ("INA"), codified at 8 U.S.C. § 1182(a)(2)(A)(i)(II), which provides that any "alien convicted of . . . (II) a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of title 21), is inadmissible." Under certain circumstances, that statute provides that the Attorney General "may, in his discretion, waive the application of . . . subparagraph (A)(i)(II) of such subsection insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h). However, USCIS asserted that Mr. Molerio-Garcia failed to establish that his conviction was for under 30 grams of marijuana, and therefore was ineligible for a waiver of inadmissibility and in turn, was not qualified to adjust status. (Doc. 1-1). Also, USCIS asserted for the first time in its Denial that he was inadmissible for an additional reason, citing INA 212(a)(2)(C), which provides that

> [a]ny alien who the consular officer or the Attorney General knows or has reason to believe . . . is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in section 802 of title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit

> trafficking in any such controlled or listed substance or chemical, or endeavored to do so . . . is inadmissible.

8 U.S.C. § 1182(a)(2)(C).

Mr. Molerio-Garcia filed this case challenging the Denial under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, on October 24, 2022.

## Legal Standard

The Court should dismiss a complaint under Fed. R. Civ. P. 12(b)(1) only where it lacks jurisdiction over the subject matter of the dispute. A motion to dismiss for lack of subject matter jurisdiction may be based on either a facial or factual challenge to the complaint. See *McElmurray v. Consol. Gov't of Augusta – Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (internal quotations omitted). The United States' Motion to

Dismiss is a facial attack.[2] Accordingly, the Court will accept as true the allegations in the Complaint for the purpose of ruling on the Motion.

## Discussion

Mr. Molerio-Garcia's APA challenge faces an initial, and ultimately decisive hurdle. 8 U.S.C. § 1252(a)(2)(B) provides that "[n]otwithstanding any other provision of law . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section 1182(h) . . . or 1255 of this title." This provision is commonly referred to as the "jurisdictional bar."[3] The jurisdictional bar applies to several other provisions, but for present purposes, the Court notes that Section 1182(h) refers to the waiver of inadmissibility for simple possession of less than 30 grams of marijuana, as noted above, and Section 1255 is the general provision for adjustment of status.

---

[2] The United States appears to argue that its Motion is a factual attack, (Doc. 7 at 6), but does not appear to point to any evidence outside of the Complaint and its incorporated attachments. The distinction is thus not material for the purpose of this Order.

[3] The jurisdictional bar has a "safety valve," which provides that "[n]othing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D).

In *Patel v. Garland*, 142 S. Ct. 1614, 1621 (2022), the Supreme Court interpreted the word "judgment" in the jurisdictional bar in the context of "judgment regarding the granting of relief" to mean "any authoritative decision" which encompasses any and all decisions relating to the granting or denying of discretionary relief" including "[f]actual findings." As such, the Supreme Court held that district courts lack "jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255." *Id.* at 1627.

Initially, Mr. Molerio-Garcia argues that *Patel* only applies to discretionary decisions in the removal context, as opposed to applications made to USCIS outside of removal proceedings. However, as the Court noted in its June 14, 2023 Order, it appears that the Eleventh Circuit has already rejected this distinction in an unpublished opinion, *Doe v. Sec'y, U.S. Dep't of Homeland* Sec., No. 22-11818, 2023 WL 2564856, at *1 (11th Cir. Mar. 20, 2023). That case concerned a "suit seeking injunctive relief from the United States Citizenship and Immigration Services' (the 'USCIS') denial of his application for adjustment of status under 8 U.S.C. § 1255(m)." *Id.* The court of appeals affirmed the district court's decision that it lacked jurisdiction of the case, writing as follows:

> In *Patel*, the Supreme Court held that federal courts lacked jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255, as § 1252(a)(2)(D) only restored jurisdiction over constitutional claims or questions of law raised upon a petition for review. *Patel*, 142 S. Ct. at 1627. In reaching

6

> this holding, the Court noted that, rather than lifting § 1252's prohibition on judicial review altogether in response to the Court's opinion in [*I.N.S. v. St. Cyr*, 533 U.S. 289, 300 (2001)], Congress instead "excised only the legal and constitutional questions that implicated [the Court's] concern." [142 S. Ct.] at 1623. The Supreme Court further noted that, while the issue of reviewability for USCIS decisions was not before the Court, it was possible that Congress had intended to "close that door," "foreclosing judicial review unless and until removal proceedings" were initiated. *Id*. at 1626.
>
> Here, the District Court correctly found that it lacked subject matter jurisdiction to review the denial of Ahmed's application for adjusted status, as the plain language of § 1252(a)(2)(B)(i) stripped the court of jurisdiction. Ahmed's application for adjustment was made under § 1255(m), and § 1252(a)(2)(B)(i) expressly states that no court has jurisdiction to review "any judgment regarding the granting of relief under section . . . 1255 of this title." § 1252(a)(2)(B)(i).

*Id.* at *2. The Court invited Mr. Molerio-Garcia to file a supplemental brief addressing whether the Court should distinguish or decline to follow the unpublished decision, but he failed to file any brief in response. Accordingly, the Court will follow the Eleventh Circuit's opinion in *Doe* and apply *Patel* outside of the removal context.

Mr. Molerio-Garcia next argues that the CAA does not appear in the list of statutes listed in the jurisdictional bar. The CAA is set forth in a historical note to Section 1255 and provides, in relevant part, "notwithstanding the provisions of section 245(c) of the Immigration and Nationality Act [subsec. (c) of this section],

7

the status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for at least one year, may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if the alien makes an application for such adjustment, and the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence." Pub.L. 89-732, 80 Stat. 1161 (Nov. 2, 1966). The Court requested supplemental briefing on whether other courts have considered whether challenges to CAA determinations are precluded by the jurisdictional bar. The United States listed a number of cases supporting the basic principle that USCIS determinations are insulated from review, but it does not appear that any of the decisions cited actually involved the CAA. (*See* Doc. 15 at 7) (collecting cases).

While not cited by the United States, *Perez v. U.S. Bureau of Citizenship & Immigration Services (USCIS)*, 774 F.3d 960, 962 (11th Cir. 2014) involved a consideration of whether the jurisdictional bar applied to USCIS's adjustment decisions under the CAA. However, that case involved a threshold question of the CAA's applicability, namely, whether the applicant was Cuban. *Id.* ("In April 2009, USCIS denied Perez's application and found he was inadmissible under § 1182(a)(6)(C)(i), because the birth certificate he had provided had been

fraudulently obtained, and he had been born in Venezuela."). Even assuming *Perez* remains good law, it does not help Mr. Molerio-Garcia because, as noted earlier, the CAA requires an applicant to show that they are "eligible to receive an immigrant visa and . . . admissible to the United States for permanent residence."[4] As the Court discussed above, Mr. Molerio-Garcia is statutorily inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) absent a waiver under 8 U.S.C. § 1182(h). And while the CAA is not enumerated in the jurisdictional bar, Section 1182(h) plainly is. 8 U.S.C. § 1252(a)(2)(B) ("Notwithstanding any other provision of law . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section 1182(h) . . . ."). The thrust of Mr. Molerio-Garcia's argument is that USCIS was mistaken about his entitlement to relief under Section 1182(h). (Doc. 8 at 7) ("Defendants erroneously found Plaintiff failed to show he had been convicted of possession of less than 30 grams of marijuana.").

---

[4] The CAA incorporates "the definitions contained in section 101(a) and (b) of the Immigration and Nationality Act [8 U.S.C.A. § 1101(a), (b)]." 8 U.S.C. § 1255 historical note. Under the INA, the term "immigrant visa" means "an immigrant visa required by this chapter and properly issued by a consular officer at his office outside of the United States to an eligible immigrant under the provisions of this chapter." 8 U.S.C. § 1101(a)(16). In turn, 8 U.S.C. § 1182(a) provides that "[e]xcept as otherwise provided in this chapter, aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States . . . ."). Accordingly, the CAA incorporates the INA's admissibility provisions by reference.

This is plainly a challenge to a judgment regarding the granting of relief under Section 1182(h). As such, the Court lacks jurisdiction over this APA case.[5]

---

[5] Even assuming the jurisdictional bar's safety valve could apply to district court proceedings, Mr. Molerio-Garcia concedes that USCIS's determination that he failed to establish that his conviction was for under 30 grams of marijuana is in part a finding of fact. (See Doc. 8 at 8) ("Thus framed, the Service's determinations are factually and legally incorrect."). Findings of fact are not reviewable under *Patel.* The Court thus avoids a potentially difficult constitutional question of whether barring judicial review of a CAA adjustment for an arriving alien "would entirely preclude review of a pure question of law by any court," *St. Cyr*, 533 U.S. 289, 300 (2001), because the jurisdictional bar's safety value "preserves review of legal and constitutional questions only when raised in a petition for review of a final order of removal," *Patel*, 142 S. Ct. at 1626, and immigration judges lack jurisdiction to consider CAA eligibility for arriving aliens, including parolees such as Mr. Molerio-Garcia, in removal proceedings. *Perez*, 774 F.3d at 968; *Matter of Martinez-Montalvo*, 24 I. & N. Dec. 778, 782–83 (BIA 2009); *see also Patel*, 142 S. Ct. at 1636–37 (Gorsuch, J., dissenting) ("So under the majority's construction of subparagraph (B)(i), individuals who could once secure judicial review to correct administrative errors at step one in district court are now, after its decision, likely left with no avenue for judicial relief of any kind. An agency may err about the facts, the law, or even the Constitution and nothing can be done about it. . . . Until today, courts could correct mistakes like these. But the majority's construction of subparagraph (B)(i) will almost surely end all that and foreclose judicial review for countless law-abiding individuals whose lives may be upended by bureaucratic misfeasance.").

## Conclusion

For the above reasons, it is **ORDERED** that the United States' Motion to Dismiss (Doc. 7) is **GRANTED** and this civil action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED** this 14th day of July, 2023.

_____
Victoria Marie Calvert
United States District Judge